**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER M. SELTEZER, II,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-1514-MSS-AAS**

**CHRISTOPHER MASSON, et al.,**

**Defendants.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Verified Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 8) On June 26, 2026, United States Magistrate Judge Amanda Arnold Sansone issued a Report and Recommendation. (Dkt. 32) Judge Sansone recommended that Plaintiff's Verified Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction be denied. (Id.) Plaintiff filed objections to the Report and Recommendation. (Dkt. 36) Defendants filed a Joint Response (CITE)Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Plaintiff's Verified Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Plaintiff objects to the Magistrate Judge's Report and Recommendation. (Dkt. 36) First, Plaintiff asserts that defense counsel intentionally hid facts from the Magistrate Judge during the hearing on Plaintiff's Motion for Temporary Injunction and Motion for Preliminary Injunction which resulted in the Magistrate Judge having insufficient information to consider the facts and issues relevant to Plaintiff's motions. Second, Plaintiff alleges that the due process opportunity which the County has scheduled for Plaintiff's benefit—a Code Enforcement Board hearing which has yet to take place—would provide deficient due process because a Code Enforcement officer who is a material witness in the Code Enforcement proceedings, Defendant Masson, has secured a state court stalking injunction prohibiting Plaintiff from coming near the

Code Enforcement officer. Finally, Plaintiff alleges that during the hearing, the Magistrate Judge denied his due process rights by having Defendants' counsel provide a copy of the Code Enforcement Notice of Hearing to Plaintiff in the courtroom.

Considering these allegations *de novo*, the Court finds that none of these challenges have merit. First, it is clear that Plaintiff can discharge his code enforcement violations by moving his RV and purchasing a tag. Any other challenges concerning the Property were directed to the property owner and have been resolved. If that is incorrect, it still does not warrant the extraordinary relief of a temporary restraining order. To the extent there are disputes about the matter, they may be resolved in the normal course in litigation, if the matter may proceed at all. The record reflects that a hearing on the Code Enforcement violation is scheduled for July 30, 2026. If Plaintiff prevails at the hearing this matter will be rendered moot. If he does not prevail, this federal proceeding will also likely be rendered moot, or at least premature, unless and until all state-level administrative remedies are exhausted.

Second, Defendants have resolved any matter about the due process limitations that may have been occasioned by the existence of the stay away injunction. The victim-target of the injunction will not be present during Plaintiff's portion of the hearing, so no insurmountable limitations to Plaintiff's appearance at the hearing exist any longer.

Finally, the Magistrate Judge's efforts to ensure that Plaintiff received timely notice of the hearing were just that. They cannot be reasonably construed to be an "ambush" of Plaintiff and certainly cannot serve as a basis to reject the Magistrate

Judge's sound reasoning in denying the extraordinary relief of a temporary restraining order in advance of the state court remedy to which Plaintiff is entitled and for which a hearing is scheduled to occur post haste.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 32), is **CONFIRMED** and **ADOPTED** as part of this Order.
2. Plaintiff's Objections to the Report and Recommendation, (Dkt. 36), are **OVERRULED**.
3. Plaintiff's Verified Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 8), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of July 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person